IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARNELL A. PAGE                  §
TDCJ-CID NO.1135214,             §
              Petitioner,        §
                                 §
v.                               §          CIVIL ACTION NO. H-06-625
                                 §
NATHANIEL QUARTERMAN,            §
              Respondent.        §

OPINION ON DISMISSAL

Petitioner Darnell A. Page, an inmate incarcerated in the Texas Department of Criminal

Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas

corpus under 28 U.S.C. § 2254, challenging his felony conviction for aggravated robbery.  (Docket

Entry No.1).  Respondent has filed a motion for summary judgment, seeking dismissal of the petition

on the ground that petitioner failed to meet his burden of proof under 28 U.S.C. § 2254(d).  (Docket

Entry No.14).  Petitioner has filed a response to the motion.  (Docket Entry No.17).  After

considering all pleadings and the entire record, the Court will grant respondent's motion for summary

judgment and dismiss this habeas petition.

I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted by a Harris County, Texas grand jury of aggravated robbery, enhanced

by two prior felony convictions.  *Page v. State*, No.01-02-01213-CR, Clerk's Record, page 4.  A jury

in the 209th Judicial District Court of Harris County, Texas heard the following evidence in cause

number 890330, as summarized by the First Court of Appeals for the State of Texas:

> John Forgas, the complainant, testified that, on October 2, 2001, he was working as
> an assistant store director at a Randall's grocery store in Bellaire, Texas.  At about
> 6:20 a.m., appellant entered the store, approached Joel Caniz, the Hot Deli Manager,
> and inquired about applying for a job.  Caniz responded by calling Forgas to the front
> of the store to speak to appellant.  Forgas went to the front of the store and explained

to appellant that there were no openings at that time.  While Forgas explained this to him, appellant began "inching" his way closer to the four foot high swinging door that separated the two of them.  Before Forgas realized what was happening, appellant moved through the swinging door, pulled a "black handgun" out of his pants, and pointed it at Forgas.  Appellant ordered Forgas to hand over the store's "security tapes," but Forgas told him that the store was installing a new security system and that it was not yet operational.  Appellant then said "he wanted the money," and he walked Forgas over to the store's courtesy booth while pointing his handgun at Forgas's mid-section.  As they walked, appellant put on a motorcycle helmet that he had been holding in his hands, and then he and Forgas entered the courtesy booth together.

Inside the courtesy booth, appellant came into contact with Frances Sparks, the courtesy booth manager, who was busy counting money that the store had taken in the previous night.  Once he saw Sparks, appellant immediately pointed his handgun at her and then ordered Sparks and Forgas to put all the money in the courtesy booth into a Halloween candy bag that he had taken from a store display.  Forgas and Sparks complied with appellant's demands.  As soon as they finished filling the bag, appellant grabbed it and ran out of the store.  Forgas then called for emergency assistance, and police officers arrived "moments" later.

James Bonham, a Randall's loss prevention investigator, testified that he arrived at the store shortly after police.  Once there, Bonham accessed the store's "brand-new digital recording system" and replayed the recording of the robbery for the officers.  Bonham then produced a still photograph of appellant from the digital recording system and copied the recording of the robbery onto a videotape. Bonham gave the still photograph and the videotape to the officers.

Bellaire Police Detective Z. Woods testified that he was in charge of investigating the robbery.  During his investigation, he developed a lead indicating that appellant was the perpetrator of the robbery.  Woods obtained a copy of appellant's driver's license photograph and constructed a photographic array that included appellant's photograph and the photographs of five other men.  When Woods showed the array to Forgas, Sparks, Caniz, and William Cowsert, the receiving manager, the four Randall's employees who witnessed the robbery, only Forgas and Sparks identified appellant as their assailant.

Houston Police Officer G. Johnson testified that he was dispatched to a home in Missouri City on November 3, 2001 to respond to a domestic disturbance call. Johnson arrived at the home, saw that the front door had been kicked in, and found appellant in the living room.  When Johnson asked appellant "what was going on," appellant responded that "the guy who kicked the door in was in the backroom." After Johnson did not find anyone in the backroom, he asked appellant for his name and identification.  Appellant stated that his identification was outside, and Johnson accompanied him to retrieve it.  At this point, appellant attempted to drive off on his

> motorcycle, but Johnson and two other Houston Police Officers, who arrived at the scene after Johnson, were able to subdue and arrest appellant.  The officers then searched appellant and found a loaded handgun in his "fanny pack" and an unloaded handgun in his "shoulder bag."

*Page v. State*, 125 S.W.3d 640, 644 -645 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd) (footnote omitted).  The jury found petitioner guilty as charged and assessed an enhanced sentence of confinement for life in TDCJ-CID.  *Id.* at 644; *Page*, No.01-02-01213-CR, Clerk's Record, page 154.

On direct appeal, petitioner challenged his conviction on the following grounds:

1. The evidence was insufficient to support petitioner's conviction;

2. The state district court erred by admitting in-court identification testimony because of a suggestive out-of-court photospread;

3. The state district court erred by denying petitioner's motion for a continuance;

4. The state district court erred by admitting a videotape into evidence;

5. The state district court erred by admitting testimony of petitioner's prior possession of a weapon; and,

6. The state district court erred by denying petitioner's motion to suppress.

*Page*, No.01-02-01213-CR, Appellant's Brief.  The First Court of Appeals for the State of Texas ("the First Court of Appeals") affirmed the judgment of conviction.  *Page*, 125 S.W.3d at 644.  The Texas Court of Criminal Appeals refused his petition for discretionary review.  (Docket Entry No.1).

Petitioner also filed a state habeas application, in which he challenged his conviction on the following grounds:

1. He was denied reasonably effective assistance of counsel because trial counsel failed to (a) conduct a proper investigation; (b) call witnesses for petitioner's defense, specifically Vera Newton; (c) object to the presence of the State's witness, Mr. Forgas, at a pre-trial suppression hearing during which Detective Woods testified about the photo-array; (d) object to Forgas's testimony that he had not seen petitioner since the robbery; and, (e) file a motion for a continuance to locate witnesses and to honor petitioner's religious holiday; (f) present a balanced defense or to refute the State's bad acts or wrongs with character witnesses or work records; and, (e) object to the

3

prosecutor's predictions that petitioner would commit other crimes in the future;

2.    He was denied a fair and impartial trial because the state district judge made inappropriate comments to the jury during voir dire that tainted the presumption of the innocence;

3.    The state district judge abused his discretion by admonishing a witness, and allowing the prosecutor to introduce the weapon, which was extraneous under Rule 404(b);

4.    He was denied his right to self-representation; and,

5.    He was denied reasonably effective assistance of appellate counsel because appellate counsel disregarded petitioner's request to challenge his conviction on certain grounds.

*Ex parte Page*, Application No.63,172-01, pages 6-26.  The state district court entered findings of fact and conclusions of law and recommended that relief be denied.  *Id.*, pages 41-43.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.  *Id.* at cover.

In the pending petition, petitioner seeks federal habeas relief on the following grounds:

1.    He was denied the effective assistance of counsel because his trial counsel (a) agreed to allow the prosecutor to strike all African-American venire persons before questioning them; (b) failed to conduct an adequate investigation by locating and interviewing witnesses; (c) waited until after jury selection to request a continuance on petitioner's request not to be tried during Ramadan; (d) failed to object to Mr. Forgas's presence during Detective Woods's testimony regarding the out-of-court photo-array at a pre-trial hearing on a motion to suppress; (e) failed to object to the presiding judge's inappropriate comments during voir dire; and, (f) did not present a balanced defense during the punishment phase of trial;

2.    Petitioner was denied due process and a fair trial by Forgas's exposure to an impermissibly suggestive identification procedure by his presence at a pre-trial suppression hearing where Detective Woods testified about the photo-array.  Forgas was the only witness who positively identified petitioner at trial.  Ms. Sparks mis-identified petitioner as the robber because he was the only African-American in the courtroom.  The third witness could not identify petitioner from the photo-array, but identified him in court.  Jurors did not see

all of the photographs shown to witnesses because all of the photographs were not admitted into evidence.

3.    The state district judge abused his discretion by (a) making inappropriate remarks and comments during voir dire, (b) admonishing a witness, and (c) allowing the prosecutor to introduce the weapon, which was extraneous under Rule 404(b);

4.    Petitioner was denied his right to self-representation; and

5.    Petitioner was denied reasonably effective assistance of counsel on appeal. Appellate counsel failed to raise several claims that petitioner requested that he raise, and failed to master the trial records, to thoroughly research the law, and to exercise judgment in identifying the argument that may be advanced on appeal.

(Docket Entries No.1, No.3).

Respondent moves for summary judgment on grounds that petitioner has failed to meet his burden of proof under 28 U.S.C. § 2254(d), that several of his claims are procedurally barred, and that his remaining claims are without merit.  (Docket Entry No.14).

## II. STANDARD OF REVIEW

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

5

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a petition for discretionary review and a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in the petition for discretionary review and state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under

subsection (d)(1), and pure questions of fact under subsection (d)(2).  *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness."  *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning."  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 413.  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  To be unreasonable, the state decision must be more than merely incorrect.  *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases,"  *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules.  *Smith*, 311 F.3d at

668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## III. ANALYSIS

### A. Procedurally Barred Claims

Respondent contends that petitioner failed to exhaust specific claims regarding the ineffectiveness of his trial counsel and the trial court's actions. Respondent maintains that the unexhausted claims are precluded from consideration by this Court because they are procedurally barred. (Docket Entry No.14).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of

federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Those statutes provide in

pertinent part, as follows:

>  (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody
>  pursuant to the judgment of a State court shall not be granted unless it appears
>  that –
>
>  (A)    the applicant has exhausted the remedies available in the
>  courts of the State; or
>
>  (B)(i)   there is an absence of available State corrective process; or
>
>  (ii)    circumstances exist that render such process ineffective to
>  protect the rights of the applicant.
>
>  * * * *
>
>  (c)    An applicant shall not be deemed to have exhausted the remedies available
>  in the courts of the State, within the meaning of this section, if he has the right
>  under the law of the State to raise, by any available procedure, the question
>  presented.

28 U.S.C. § 2254 (b) – (c).  Under this framework, exhaustion means that the petitioner must have

presented all of his habeas corpus claims fairly to the state's highest court before he may bring them

to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989);  *Fisher v. State*, 169 F.3d 295, 302 (5th

Cir. 1999).  In Texas, exhaustion may take one of two paths:  (1) the petitioner may file a direct

appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal

Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code

of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the

Texas Court of Criminal Appeals.  *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

Petitioner sought state habeas relief on the ground that his trial counsel rendered ineffective

assistance because he failed to (a) conduct a proper investigation and to call witnesses for petitioner's

defense, (b) object to Forgas's presence at a pre-trial hearing where Detective Woods testified about

a photo-array, (c) file a motion for a continuance, and (d) present a balanced defense during the

punishment phase of trial.  *Ex parte Page*, Application No.63,172-01.  Petitioner did not complain

on direct appeal or in his state habeas application, as he does in the pending petition, that his trial

counsel agreed to strike African-Americans from the venire panel before questioning and failed to

object to voir dire comments by the state district judge.  Moreover, petitioner did not complain on

direct appeal or in his state habeas application, as he does in the pending petition, that he was denied

due process because (a) Forgas was present during Detective Woods's testimony, thus exposing him

to an impermissably suggestive identification procedure, (b) he was mis-identified by witness Sparks

and a third witness, and (c) all of the photographs shown to witnesses were not admitted into

evidence.  It follows then, that petitioner has presented unexhausted claims in this federal habeas

petition.[1]

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing

the petitioner to return to the state forum to present his unexhausted claims.  *Rose v. Lundy*, 455 U.S.

509 (1982).  Respondent, however, contends such a result in this case would be futile because

petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas

law.  (Docket Entry No.14).

On habeas review, a federal court may not consider a state inmate's claim if the state court

based its rejection of that claim on an independent and adequate state ground.  *Martin v. Maxey*, 98

F.3d 844, 847 (5th Cir. 1996).  A procedural bar for federal habeas review also occurs if the state

---

[1] Citing *Jackson v. Virginia*, petitioner complains in closing that the evidence is insufficient "to meet the minimum Due Process requirements of the Fourteenth Amendment to the United States Constitution." (Docket Entry No.3, page 19).  Although petitioner challenged the legal sufficiency of the evidence to support his conviction on appeal in the state intermediate appellate court, he did not challenge the same in his petition for discretionary review.  *Page v. State*, PD-0006-04, Appellant's Petition for Discretionary Review. Therefore, he has failed to exhaust this claim in state court.  Accordingly, to the extent that petitioner seeks federal habeas relief on a challenge to the sufficiency of the evidence to support his conviction, such claim is unexhausted and subject to dismissal.

court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred.  *Coleman,* 501 U.S. at 735 n.1.

Texas prohibits successive writs challenging the same conviction except in narrow circumstances.  TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005).  The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1)   the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2)   by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.*  The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

Petitioner does not state specific facts to show that the above-mentioned claims in the pending petition could not have been raised in his petition for discretionary review or his state habeas application; nor does he allege specific facts that would establish that he is innocent.  Therefore, petitioner's unexhausted claims do not fit within the exceptions to the successive writ statute and would be procedurally defaulted in state court. *Coleman*, 501 U.S. at 735 n.1.  Such a bar precludes this Court from reviewing petitioner's claims absent a showing of cause for the default and actual prejudice attributable to the default. *Id.* at 750.

Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of claims under the procedural default doctrine and has been given an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).

Although petitioner filed a response to the motion for summary judgment, he does not address the default, the cause of the default, or prejudice resulting from the default[2] in the response. Accordingly, the Court will dismiss the following claims as procedurally barred:  (1) petitioner was denied reasonably effective assistance of counsel because trial counsel pre-arranged with the State to strike African-Americans from the venire panel and failed to object to voir dire comments by the state district judge, and (2) he was denied due process of law because a State's witness was present in the courtroom during the testimony of Detective Woods, witness Sparks mis-identified petitioner in court, and the state district court did not permit him to introduce all of the photographs shown to various witnesses.

Respondent further maintains that petitioner's claims that the state district judge abused his discretion and denied petitioner a fair and impartial jury by making inappropriate comments to the jury during voir dire, admonishing a witness, and allowing the prosecutor to introduce extraneous evidence are procedurally barred.  (Docket Entry No.14).  The state habeas court found that such claims should have been raised on direct appeal and not on habeas review.  *Ex parte Page*, Application No. 63, 172-01, page 42. The Texas Court of Criminal Appeals adopted the state habeas court's findings.  It is well settled under Texas jurisprudence that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal.  *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991).  The federal courts recognize Texas's procedural

---

[2]  Ineffective assistance of counsel may, in some circumstances, constitute cause for a procedural default.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  "Not just any deficiency will do, however; the assistance must have been so ineffective as to violate the Federal Constitution."  *Id.*  "In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim."  *Id.* (emphasis in original).

As discussed *infra*, the Court has considered petitioner's claims of ineffective assistance of counsel and concluded that he has no valid claim concerning his counsel's effectiveness at trial or on appeal.  Absent an independent claim for ineffective assistance of counsel, petitioner has failed to demonstrate cause for his procedural default.

default rule concerning the requirements that record claims must be raised on direct appeal. *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 2059 (2006).

Petitioner, however, challenged on direct appeal the admission of extraneous evidence regarding his ownership of a black gun pursuant to Rule 404(b) of the Texas Rules of Evidence. Therefore, his complaint that the state district court abused it discretion "by allowing the use of 404(b)" (Docket Entry No.3, page 15) is not procedurally barred. Petitioner did not challenge the remaining record claims on direct appeal; accordingly his claims that the state district court abused its discretion by making inappropriate remarks to jurors and admonishing a witness are procedurally barred. *Coleman*, 501 U.S. at 731-32. Absent a showing of cause and prejudice or a fundamental miscarriage of justice, petitioner's claims are barred because the last court to consider these claims expressly and unambiguously based its denial of relief on a state procedural default. Because petitioner fails to show either, the Court will dismiss these claims as procedurally barred.

## B. Admission of Extraneous Evidence

In the pending petition, petitioner complains that he was denied due process of law because the state district court allowed the prosecutor to introduce evidence of a weapon that was extraneous under 404(b), presumably, of the Texas Rules of Evidence. (Docket Entry No.3, page 15).

Admissibility of evidence is a matter of state law, and only a contention that the admission of the challenged evidence rendered the trial fundamentally unfair or violated a specific constitutional right will be considered in a federal collateral proceeding. *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989). An evidentiary error in a state trial does not justify federal habeas corpus relief unless it is of such magnitude as to constitute a denial of fundamental fairness under the Due Process Clause. *Hafdahl v. Johnson,* 251 F.3d 528, 536 (5th Cir. 2001).

Rule 404(b) of the Texas Rules of Evidence provides the following, in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b).  On direct appeal, petitioner complained that testimony that petitioner carried a black gun before the robbery was inadmissible as an extraneous act under Rule 404(b) because the probative value of such testimony was outweighed by its prejudicial effect.  *Page v. State*, No. 01-02-01213-CR, slip opinion at 13 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd).  The First Court of Appeals for the State of Texas ("First Court of Appeals") found the testimony admissible because it was relevant to petitioner's identity as the perpetrator of the robbery.  *Id.*, pages 14-15.  The First Court of Appeals also found that such testimony was admissible to rebut evidence that petitioner drove one of his step-daughters to school at the same time of day that the robbery occurred.  *Id.*  The First Court of Appeals further found that because the State demonstrated that petitioner used a black handgun during the robbery, the state district court could have inferred that testimony that petitioner carried a black gun before the robbery had relevance beyond its value as character evidence and such testimony was not necessarily prejudicial because the previous gun possession was not shown to be unlawful.  *Id.* at 15.  The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on this ground.

Petitioner fails to demonstrate that testimony regarding his prior possession of the black gun was admitted in error or that the wrongful admission of the testimony resulted in a denial of fundamental fairness.  Accordingly, he fails to show that he was denied due process of law as a result of the state district court's evidentiary rulings.  Absent such a showing, petitioner fails to establish that the state habeas court's decision to reject his due process claim was contrary to or involved an

14

unreasonable application of clearly established precedent.  Petitioner is not entitled to federal habeas relief on this issue.

## C. Ineffective Assistance of Trial Counsel

Next, respondent moves for summary judgment on petitioner's claims that he was denied the effective assistance of counsel.  Respondent maintains that petitioner has not shown that the state court's decision was an unreasonable application of clearly established federal law.  (Docket Entry No.14).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense.  *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692).  The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness.  *Ogan*, 297 F.3d at 360.  Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy."  *West v. Johnson*,  92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993).  Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a

15

criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90.  A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)).  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001).  Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

"[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).  "'In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, [the Court can find] no merit to these [claims].'" *Id.* quoting *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir.1992).

1. Investigation and Calling Witnesses

Petitioner contends his trial counsel failed to conduct an adequate investigation by locating and preparing at least one of five witnesses.  (Docket Entry No.2).  Petitioner claims that an alibi witness would have testified that petitioner was home preparing to take his children to school at the time of the alleged robbery.  Petitioner does not identify the witness that he claims would provide an alibi or any other witness that would have testified on his behalf.[3]

Counsel "has a duty to make a reasonable investigation of the defendant's case or to make a reasonable decision that a particular investigation is unnecessary."  *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997).  "While a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance."  *Gray v. Lucas*, 677 F.2d 1086, 1093 n.5 (5th Cir. 1982).  Moreover, "[c]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative."  *Coble v. Dretke*, 444 F.3d 345, 350 (5th Cir. 2006) (quoting *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir.1981)).  Petitioner has presented nothing to suggest that his counsel's decision not to call a specific witness or witnesses in support of his defense was not a legitimate choice in trial strategy.  His conclusory allegation does not give rise to a claim for federal habeas relief.  *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

---

[3]  Petitioner attached to his response to the motion for summary judgment three form affidavits signed by three individuals, each of whom filled in his or her name on a blank followed by a statement that he or she was not notified or contacted by petitioner's defense attorney to appear as a witness at petitioner's trial.  (Docket Entry No.17, attachments).  Petitioner does not indicate to what each witness would have attested at trial or whether each witness was available and willing to testify at trial.

2. Motion for Continuance

Petitioner next claims that his trial counsel failed to prepare a proper defense because he did not file a proper motion for a continuance to allow counsel to conduct an investigation and to delay the trial until after the month of Ramadan.  (Docket Entry No.3).  The state habeas court found that petitioner failed to show that trial counsel was ineffective for failing to file a pretrial motion for continuance "because he fail[ed] to show a benefit would have come from filing the motion . . . or state how he was harmed or prejudiced by the decision not to file the motion."  *Ex parte Page*, Application No.63,172-01 at 42.  The state habeas court further found that petitioner failed to show that the pretrial motion for a continuance would have been successful if trial counsel had filed it.  *Id.* The Texas Court of Criminal Appeals adopted the findings of the state habeas court.  *Id.* at cover.

Under Texas law, a continuance motion must generally be written and sworn to in order to preserve error.  TEX. CODE CRIM. PROC. ANN. art. 29.03 (Vernon 2006); *Dewberry v. State*, 4 S.W.3d 735, 755-56 (Tex. Crim. App. 1999).  A motion based on a witness's absence must also recite certain information about the witness, the expected testimony, and the diligence used to procure the testimony.  *See* TEX. CODE CRIM. PROC. ANN. art. 29.06.

The record reflects that before the jury was selected, the state district court directed petitioner to consult with his appointed counsel regarding a plea offer.[4]  Petitioner, however, requested a continuance.  The state district court responded, as follows:

> The Court:  No, sir.  I told you about that before.  We are not going to continue.  This case is old.  We are going to trial.  It's 398 days old.

---

[4]  Petitioner was not without counsel during his incarceration in county jail.  Petitioner initially retained counsel but his retained counsel died.  Other lawyers in the retained counsel's firm were released from representation because of a conflict of interest and petitioner's failure to pay his fee, as agreed.  *Page v. State*, No.01-02-01213-CR, Reporter's Record, Volume 2, page 3; Volume 3, pages 3-4.  The state district court later appointed counsel.

The Defendant:  That's exactly why the Defense needs a continuance because we've only had the case three weeks with the new attorneys I have.

The Court:  Mr. Page, we had this discussion about three weeks ago.  We are going to trial.  You need to visit with your lawyer about – we are going to trial.

The Defendant:  The reason I am asking for a continuance, Your Honor, is because we haven't had enough time to locate the necessary witnesses we need for the Defense.

The Court:  You have had a year to do that.  The Court is going to trial in this matter.

The Defendant:  I have been incarcerated for a year in the county jail.

The Court:  Yes, sir.  Talk to your lawyers.

(Recess)

(Open court, defendant present, no jury)

Mr. Hinton (defense counsel):  I think we are ready.

*Page v. State*, No.01-02-01213-CR, Reporter's Record, Volume 5, pages 4-5.  Nothing in the record shows the names or identities of the allegedly missing witnesses, whether they had been located, whether they were available, and the content of their testimony.

After both sides made their strikes but before the state district court empaneled the jury, the state district court considered another request for a continuance, as follows:

Mr. Hinton: My client wants to [sic] your attention that this is the month of Ramadan and that's against his religion to be tried during the month of Ramadan.  He wanted to put that on the record to have you rule on.

The Court: Put on the record?

Mr. Hinton: Yes, sir.  The Defense would like to put on the record that this is the month of Ramadan and our client asks the Court not to try him during the month of Ramadan.

(Pause)

19

Mr. Hinton: Judge, I think my client is asking if you could rule on his request not to be tried during the month of Ramadan.

The Court: The Court is not letting religion interfere with this.  He has 300 and some odd days to try this case.  He could have requested an earlier trial.  Court is putting it to trial.  The Court's ruled.

*Id.*, Volume 6, pages 98-99.

The state district court made it clear in both instances that it would not grant a motion for continuance.  In light of the state district court's reasons for proceeding to trial, a written motion for continuance in both instances would have been pointless.  *See Stokes v. Procunier*, 744 F.2d 475, 482 & n.3 (5th Cir. 1984) (rejecting an ineffectiveness claim based on counsel's failure to file a written motion for continuance where oral motion is made); *Schwander v. Blackburn*, 750 F.2d 494, 501 (5th Cir. 1985) (noting petitioner must explain how a written motion for continuance would have been more beneficial).  The state courts had ample basis to deny petitioner's ineffective-assistance-of-counsel claim regarding counsel's failure to file written motions for a continuance.

3. Suppression Hearing

Petitioner complains that his trial counsel rendered ineffective assistance of counsel because he did not object that witness Forgas was present in the courtroom during a pre-trial suppression hearing when Detective Woods testified about the pre-indictment procedures he utilized to assemble the photo-array and about the identification process.[5] (Docket Entry No.3).  Petitioner complains that Woods's testimony was suggestive because Forgas later referenced Woods's testimony when he

---

[5]   Petitioner does not complain that the initial photo-array, which Detective Woods prepared and showed to Forgas before petitioner was indicted, was impermissibly suggestive.

testified during the suppression hearing.[6]  He further complains that Forgas's in-court identification testimony was tainted by his exposure to Woods's pre-trial identification testimony.  (*Id.*).

The state habeas court found that petitioner failed to show that his trial counsel was ineffective for failing to object to the identification procedure or to Forgas's testimony at trial because petitioner did not establish that the identification procedure or the testimony was, in fact, inadmissible and that the trial judge would have committed error in overruling any objection to the same.  *Ex parte Page*, Application No.63,172-01, page 41.

"The Fifth Amendment affords accused individuals due process protection against evidence derived from unreliable identifications which are based on impermissibly suggestive identification." *United States v. Sanchez*, 988 F.2d 1384, 1389 (5th Cir. 1993).  The constitutionality of pre-trial identification procedures utilizes a two-prong analysis.  A court must determine whether the identification procedure was impermissibly suggestive, and if so, whether there was a substantial likelihood of irreparable misidentification. *Id.*, *see also Manson v. Brathwaite*, 432 U.S. 98, 113-114 (1977).

Nothing in the record shows that Forgas's identification testimony at trial or the suppression hearing was influenced in any way by Detective Woods's testimony during the pretrial suppression hearing.  At the suppression hearing, Forgas identified petitioner as the person who committed the aggravated robbery and testified that he based such identification on his observations of petitioner at the scene of the crime and his memory of petitioner.  *Page v. State*, No.01-02-01213-CR, Reporter's Record, Volume 5, pages 21-22.  Likewise, Forgas identified petitioner in court during the guilt-innocence phase of trial based on his recognition of petitioner from the day of the

---

[6]   Forgas attested, "And I think Detective Woods noted the time that I picked it out so quickly because it was so obvious–" *Page v. State*, No.01-02-01213-CR, Reporter's Record, Volume 5, page 27.

aggravated robbery.  *Id.*, Volume 7, pages 38-39.  Forgas testified that the lighting in the store was good, petitioner's face was not concealed, and that he spoke with petitioner for about five minutes face-to-face.  *Id.*, page 40.  Forgas further testified that a few days after the incident, he identified petitioner as the person who robbed him from a photospread.  *Id.*, pages 49-51.  Forgas indicated that he recognized petitioner's face in the photospread from remembering him as the person who robbed him.  *Id.*, page 51.

Petitioner fails to show in light of such record that Forgas's exposure to Woods's pre-trial testimony gave rise to a very substantial likelihood of irreparable misidentification.  Consequently, the failure of petitioner's trial counsel to object to Forgas's presence at the pre-trial hearing and to Forgas's in-court identification testimony did not prejudice petitioner.  Petitioner is not entitled to federal habeas relief on this claim.

4. Balanced Defense–Punishment Phase of Trial

Finally, petitioner contends that his trial counsel did not present a balanced defense during the punishment phase of trial.  (Docket Entry No.3).  Petitioner complains that his trial counsel did not seek to admit petitioner's work records and did not contact his supervisor, who would have testified to petitioner's good work history.  Petitioner further complains that trial counsel did not present any witnesses to attest to his character or to mitigate the punishment.  (*Id.*).

"[T]he presentation of witness testimony is essentially strategy and thus within the trial counsel's domain."  *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987) (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985)).  The record in this case reflects that during the punishment phase of trial, the State presented evidence of petitioner's employment history, which was not favorable to petitioner.  Mark Allen Rutowski, Randall's Food Market Store Director, testified that he had participated in proceedings that resulted in petitioner's termination as night

22

manager from the Randall's store where both he and petitioner had worked before the robbery. Rutowski testified that petitioner was terminated because he had assaulted a shoplifter in violation of company policy. *Page v. State*, No.01-02-01213-CR, Reporter's Record, Volume 8, pages 14-23. Rutowski further testified that he was employed as the director of the store that petitioner robbed. *Id.*, page 23. Rutowski attested that he had left the store ten minutes before petitioner committed the aggravated robbery. *Id.*, page 24. Petitioner's trial counsel attempted to lessen the impact of Rutowski's testimony on cross-examination by eliciting testimony that petitioner acted in self-defense when he tried to apprehend the shoplifter. *Id.*, pages 26-27.

The record does not reflect that petitioner's family would have necessarily testified to his good character. Petitioner's wife and step-children testified during the guilt-innocence phase of trial. *Id.*, Volume 7, pages 140-170. On voir dire, petitioner's teenage daughter testified that she called police because petitioner kicked in the door to their new residence. *Id.*, page 146. She further testified that she did not observe the officers arrest petitioner, although she was in the house at the time of the arrest. *Id.* Petitioner's wife testified before the jury that petitioner was no longer living with them in October, 2001, when the offense was committed. *Id.*, page 170.

Petitioner, by this record, fails to overcome the strong presumption that trial counsel's decision not to present any witnesses or evidence of petitioner's work history during the punishment phase of trial was the product of a reasoned trial strategy. Accordingly, he fails to show that trial counsel failed to render effective assistance of counsel at trial.

D. Ineffective Assistance of Appellate Counsel

Petitioner alleges that he was denied reasonably effective assistance of counsel on appeal because his appellate counsel failed to (a) master the trial record; (b) research the law; and (c) exercise judgment in identifying the argument that may be advanced on appeal. (Docket Entry

No.3).  Petitioner, however, states no facts to support these allegations; therefore, they are conclusory and subject to dismissal.

Petitioner also alleges that his appellate counsel rendered constitutionally ineffective assistance because he failed to raise on direct appeal the following grounds, per petitioner's request:

1.  One of the State's witnesses was present in the courtroom while another State's witness testified;

2.  Petitioner was arrested without a warrant on private property;

3.  The state district judge denied petitioner's motion for a continuance on the ground that he did not want to be tried during the month of Ramadan;

4.  The state district court refused to allow petitioner to represent himself; and,

5.  State's witness Mr. Forgas committed perjury.

(Docket Entry No.3).  With respect to this ineffective-assistance claim, the state habeas court found petitioner failed to show that he had been denied reasonably effective assistance on appeal.  *Ex parte Page*, Application No.63,172-01 at 42.  The record supports the state habeas court's finding.

An accused is constitutionally entitled to effective assistance of counsel on direct appeal as a matter of right.  *Evitts v. Lucey*, 469 U.S. 387 (1985).  Claims of ineffective assistance of counsel are determined by the same standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Because an appellate counsel is not required to raise every nonfrivolous claim on appeal, but may select from among them in order to maximize the likelihood of success on appeal, it is difficult to demonstrate the incompetency of counsel when a brief on the merits is filed.  *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  The presumption of competency is overcome "'only when ignored issues are clearly stronger than those presented.'"  *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).  Petitioner must also demonstrate prejudice, that is, he must show a reasonable probability

that, but for his counsel's failure to file claims on the ignored issues, he would have prevailed on his appeal.  *Id.* at 286.

In this case, petitioner has failed to show that any of these issues are clearly stronger than those which his appellate counsel raised on direct appeal or that but for his appellate counsel's failure to challenge the issues on direct appeal, the result of the proceeding would have been different. Moreover, he has not provided the Court with any specific facts to rebut the presumption afforded by 28 U.S.C. § 2254(e)(1).  Accordingly, petitioner is not entitled to federal habeas relief on this ground.

E. Self-Representation

Petitioner contends that he was denied due process because the state district judge refused to allow him to represent himself at trial.  (Docket Entry No.3).  Respondent acknowledges that petitioner "made some statements about representing himself during a pretrial hearing," but maintains that petitioner decided not to proceed *pro se*.  (Docket Entry No.14, page 10).  The state habeas court found that the record showed that petitioner "did not maintain a desire to proceed *pro se. Ex parte Page*, Application No.63,172-01 at 42.

The Sixth Amendment to the United States Constitution guarantees every criminal defendant the right to the assistance of counsel at trial.  *Gideon v. Wainwright,* 372 U.S. 335, 345 (1963). Implicit in the Sixth Amendment is the correlative right of a criminal defendant to waive the assistance of counsel and represent himself at trial.  *Faretta v. California,* 422 U.S. 806, 819 (1975); *Myers v. Johnson*, 76 F.3d 1330, 1333 (5th Cir. 1996).  Unlike the Sixth Amendment right to counsel, which is in effect until waived, the right to self-representation is not effective until asserted. *Brown v. Wainwright,* 665 F.2d 607, 610 (5th Cir. 1982).  To assert the right of self-representation, a defendant must "knowingly and intelligently"  waive his right to counsel, and the request must be

"clear and unequivocal." *Faretta,* 422 U.S. at 835; *Brown,* 665 F.2d at 610.  Where a fundamental constitutional right, such as the right to counsel, is concerned, courts indulge every reasonable presumption against waiver.  *Johnson v. Zerbst,* 304 U.S. 458, 464 (1937), *overruled on other grounds by Michigan v. Jackson*, 475 U.S. 625 (1986), *Brown,* 665 F.2d at 610.  In the absence of a clear election to forego counsel, "a court should not quickly infer that a defendant unskilled in the law has waived counsel and has opted to conduct his own defense."  *Brown,* 665 F.2d at 610.  The Fifth Circuit has strictly construed the "clear and unequivocal" requirement of *Faretta. See Burton v. Collins*, 937 F.2d 131, 133 (5th Cir. 1991) (citing *Chapman v. United States,* 553 F.2d 886, 892-93 (5th Cir. 1977) (demand to defend *pro se* must be stated unequivocally because defending pro se (1) may jeopardize defendant's chance of receiving an effective defense and (2) prevents defendant from arguing denial of effective assistance of counsel on appeal)).

The record reflects that petitioner considered self-representation because he was unable to afford to retain counsel and the state district court refused to release him on his own recognizance.  Petitioner indicated that he believed that he could prove his innocence if the state district court would grant him additional time in the law library at the county jail.  The state district court repeatedly refused his requests for additional time and cautioned petitioner about the dangers of self-representation and warned him that he would receive no special privileges if he proceeded *pro se.* Petitioner repeatedly complained that he was forced to accept a court-appointed attorney because the state district court would not allow him additional time in the law library.  Petitioner then declined to waive counsel.  *Page v. State*, No.01-02-01213-CR, Reporter's Record, Volumes 2, 3, 4.

A petitioner who rejects the assistance of court-appointed counsel, has no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial.  *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996).  In this case, petitioner declined to assert his right to self-

representation given the handicap of limited access to the law library. Petitioner fails to demonstrate

that the state habeas court's finding that he did not maintain a desire to proceed without counsel is

an unreasonable application of, clearly established federal law, as determined by the Supreme Court

of the United States. Accordingly, he is not entitled to federal habeas relief on this ground.

F. Evidentiary Hearing

In his Opposition Motion to Summary Judgement, petitioner seeks an evidentiary hearing.

(Docket Entry No.17). The Court has carefully reviewed the record and concludes that petitioner is

not entitled to an evidentiary hearing. A habeas petitioner is entitled to an evidentiary hearing in

federal court only if he alleges facts, which, if proven, would entitle him to habeas relief. 28 U.S.C.

§ 2254(e)(2); *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000). This Court concludes that there

is no factual dispute, which if proven true, would entitle petitioner to federal habeas relief.

IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the

petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the

other hand, when denial of relief is based on procedural grounds, the petitioner must not only show

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

V. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding and appellate courts, the Court ORDERS the following:

1.    Respondent's motion for summary judgment (Docket Entry No.14) is GRANTED.

2.    Petitioner's petition for federal habeas relief is DENIED.

3.    A certificate of appealability is DENIED.

4.    This habeas action is DISMISSED with prejudice.

5.    All other pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on this 30th day of March, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE